Argued and submitted July 17, 1992, affirmed March 31, 1993

DOUGLAS COUNTY FARMER'S CO-OP,
*Petitioner,*

*v.*

The filings of the
NATIONAL COUNCIL ON
COMPENSATION INSURANCE
and Department of Insurance and Finance,
*Respondents.*

(90-07-017; CA A72093)

849 P2d 1144

Inge D. White, Roseburg, argued the cause for petitioner. With her on the brief was Dole, Coalwell & Clark, P.C., Roseburg.

Peter A. Ozanne, Portland, argued the cause for respondent National Council on Compensation Insurance. With him on the brief were Robert E. Joseph and Schwabe, Williamson & Wyatt, Portland.

Michael D. Reynolds, Assistant Solicitor General, Salem, waived appearance for respondent Department of Insurance and Finance.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Petitioner seeks review of a final order of the Department of Insurance and Finance (DIF), which upheld the National Council on Compensation Insurance's (NCCI) classification of petitioner's hardware and feed department employees. We affirm.

Petitioner owns and manages a farmer's co-op that operates a fertilizer plant, a pump department, a feed department and a hardware department. The hardware and feed departments are located in the same building, although each has its own street address and a separate entrance. The two departments share the same management and accounting personnel, shipping and receiving clerks, a conveyor belt for transporting merchandise, telephone numbers, utility and telephone bills, sales invoice forms and advertising. Clerks assigned to work in one department do not work in the other department and, although the departments are essentially physically separate, a narrow stairway, for employee use only, connects them. Approximately 70 percent of the gross sales from the building come from feed, tack and veterinary materials, fencing and miscellaneous merchandise.

NCCI is a licensed rating organization for workers' compensation insurance. Its classifications and rates have been approved by DIF and are used to determine the premiums that individual businesses are charged. *See* OAR 836-42-020; OAR 836-42-045. The classifications used by NCCI are included in a publication entitled *Scopes of Basic Manual Classifications* (Scopes). NCCI also publishes a manual that includes rules that guide its interpretation and application of the Scopes' classifications. It is called *Workers Compensation and Employers Liability* (Manual).

Following an inspection of petitioner's business, NCCI determined that petitioner's hardware and feed departments were in the same building and, therefore, were operating at the same location for purposes of rule IV-D-9 of the Manual. It then classified both the hardware and feed departments' employees at that location within classification 8215 — Hay, Grain or Feed Dealer & Local Managers, Drivers. The underwriting guide to the Manual states that a store that "sells several types of merchandise, each of which may be

subject to a different classification, * * * [is to] be assigned on the basis of the principal category of merchandise sold. The term 'principal' means more than 50 percent of the gross receipts." Because over 50 percent of petitioner's gross sales receipts from the operations at that location came from merchandise described under classification 8215, that classification was given to employees in both departments.

Petitioner's position is that its hardware personnel should be classified under Scopes Code 8010 — Store: Hardware. It first sought review of the classification with the Oregon Classification and Rating Committee of NCCI (OC&R). OC&R affirmed the classification. Petitioner then requested review of the classification with DIF pursuant to ORS 737.505. DIF also affirmed the classification.

Petitioner agrees that rule IV-D-9 of the Manual applies, because its operation is a mercantile business. That rule provides:

"For mercantile businesses, such as stores or dealers, the classification is determined separately for each location."

Petitioner contends, however, that DIF erred in concluding that businesses operated in the same building are at the same "location" for purposes of Manual Rule IV-D-9. Petitioner asserts that, in defining "location" as the same building or site, NCCI and DIF have acted in a manner that is "arbitrary, inconsistent with NCCI's manual rules and bears no relationship to the risks being incurred by the employees."

■■ As a general rule, the NCCI rating system classifies the business of the employer as a whole and does not apply separate classifications for separate employments, occupations or operations within the business. Manual Rule IV-A; *Mr. Lustre Car Care v. Nat'l Council on Comp. Ins.*, 99 Or App 654, 783 P2d 1032 (1989). However, as petitioner points out, there are exceptions to this general rule. For example, Manual Rule IV-B-2 allows a separate classification for clerical workers if they are "physically separated" from the other operations. Petitioner asserts that, because that exception only requires "physical separation," the exception for the classification of mercantile businesses must be based on the same test. We disagree. The fact that some classifications are made on the basis of physical separation of the workers does

not compel the agency to make all classifications on that basis. Further, the classification by location of mercantile business is not arbitrary. As explained in the hearings officer's order, the purpose of Manual Rule IV-D-9 is to allow entities opening mercantile businesses to have some control over their premium rates by operating different businesses at different locations:

> "NCCI understood that each legal entity preferred that its mercantile business be classified within the lowest-rated category of any merchandise sold by the business as a whole. By doing so, the NCCI established an equitable rule which allows any legal entity to establish as many locations as it may choose, determine the merchandise categories it offers for sale at each location, and maintain some control of the workers' compensation premium rate at each location."

We also do not agree that NCCI and DIF's application of the rule is unfairly discriminatory. DIF's rules provide:

> "Premiums are unfairly discriminatory if differentials between insureds fail to reasonably reflect the differences in expected losses and expenses to the insurer attributable to the insureds. Workers' compensation insurance rates, rating plans or rating systems are not unfairly discriminatory when different premiums result or different rates apply to insureds if:

> "(a) Differences in loss exposures, expense factors or investment income opportunity to an insurer can be attributed to the insureds; and

> "(b) The differences are reasonably reflected by the rates, rating plan or rating system." OAR 836-42-025(3).

Petitioner has offered no evidence that NCCI treats similarly situated employers differently. All mercantile businesses that sell a variety of merchandise in the same building are charged the premium applicable to that category of merchandise producing over 50 percent of the business's gross receipts. We conclude that DIF did not err in upholding NCCI's classification of petitioner's hardware and feed department's employees.

Affirmed.